# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAMUEL VONZELL GORDON,
  Appellant,

  v.

OFFICE OF PERSONNEL
  MANAGEMENT,
  Agency.

DOCKET NUMBER
CH-0845-16-0204-I-1

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Samuel Vonzell Gordon, South Holland, Illinois, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the reconsideration decision of the Office of Personnel Management (OPM).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In April 2009, OPM notified the appellant that it approved his application for disability retirement benefits under the Federal Employees' Retirement System (FERS) and he would receive interim disability payments. Initial Appeal File (IAF), Tab 10 at 63. The notice also informed the appellant that his FERS disability benefit must be reduced by any Social Security disability benefits and that Social Security checks should not be negotiated until the FERS benefit had been reduced. *Id*. The appellant began receiving Social Security benefits in May 2009. IAF, Tab 12, Exhibit C. On January 22, 2012, OPM notified the appellant that it had finalized his annuity computation and that he had been overpaid $33,127.42 in interim benefits. IAF, Tab 10 at 14. OPM determined to collect the overpayment in monthly installments of $127.96. *Id*. The appellant requested reconsideration, *id*., and OPM affirmed the overpayment amount in a reconsideration decision, but, based on the information that the appellant submitted on his Financial Resources Questionnaire (FRQ), OPM reduced the monthly repayment amount to $50, *id*. at 6.

¶3 The appellant appealed OPM's reconsideration decision. IAF, Tab 1. The administrative judge found that OPM proved the existence and amount of the

overpayment.  IAF, Tab 18, Initial Decision (ID) at 8.  She also found that the appellant failed to show that recovery of the overpayment at $50 per month would cause him financial hardship.  ID at 10.  She found further that the appellant failed to show that recovering the overpayment would be against equity and good conscience based on his relinquishing a valuable right or changing his position for the worse.  ID at 12.  Additionally, she found that OPM's delay of nearly 3 years in notifying the appellant of the overpayment was not so harsh that recovery of the overpayment would be unconscionable and that OPM's conduct in this matter did not rise to the level of exceptional circumstances justifying a waiver of the overpayment based on unconscionability.  ID at 13.

¶4        In his petition for review,[2] the appellant reiterates the argument that his overpayment should be waived.  He asserts that he lost valuable benefits from the Department of Veterans Affairs (VA) and the State of Illinois because OPM reported his interim payments as income to the Internal Revenue Service.  He argues that, because his combined income from his FERS annuity and his Social Security annuity were reported, the VA and the State of Illinois deemed his income too high to qualify for services.[3]

---

[2] In his petition, the appellant claims that, during proceedings below, he observed collusion between the administrative judge and OPM's representative.  To the extent that the appellant is alleging that the administrative judge was biased in favor of the agency in her adjudication, we find nothing in the record to support the appellant's assertion.  *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (finding that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

[3] As noted, the administrative judge found that OPM's calculation of the overpayment was mathematically correct and that the appellant was overpaid $33,127.42.  ID at 8.  The administrative judge made a detailed review of OPM's complex calculation of the appellant's overpayment, which included reducing the appellant's FERS disability annuity because he received Social Security benefits (subject to the minimum disability annuity provision in 5 C.F.R. § 844.303) and because of the cost of the health and life insurance benefits that the appellant elected, the cost of which his annuity was insufficient to cover.  ID at 6-8.  Although the appellant states in his petition for review that "OPM's calculations . . . are still in dispute," PFR File, Tab 1 at 7, he has not

¶5 Waiver of an annuity overpayment may be granted when the annuitant is without fault and recovery would be against equity and good conscience. *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 5 (2007). Generally, recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that, because of the overpayment, he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. *Id.*, ¶ 8. Individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and, absent exceptional circumstances, which do not include financial hardship, recovery in these cases is not against equity and good conscience. *Wright v. Office of Personnel Management*, 105 M.S.P.R. 419, ¶ 4 (2007). Exceptional circumstances involve OPM's egregious errors or delays, such as a failure to issue a written decision within 4 years of a request for waiver. *Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 7 (2002). The set-aside rule goes to the question of whether recovery would be against equity and good conscience, not whether the annuitant is at fault in the overpayment. *Maseuli v. Office of Personnel Management*, 111 M.S.P.R. 439, ¶ 8 (2009).

¶6 The appellant bears the burden of establishing his entitlement to a waiver by substantial evidence. 5 C.F.R. § 831.1407(b); *see Hudson v. Office of Personnel Management*, 87 M.S.P.R. 385, ¶ 7 (2000). Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. §§ 1201.4(q), 1201.56(b)(2)(ii).

---

challenged the specifics of the administrative judge's finding on this matter. As the specifics of the administrative judge's finding on this issue are uncontested on petition for review, and we find no error in it, we will not further address this issue in this Order. *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely filed petition for review or in a timely filed cross petition for review).

¶7        Here, as the administrative judge correctly found, the appellant is without fault.  However, the set-aside rule applies.  The appellant did not deny that he received OPM's letters discussing both the effect of a Social Security disability benefits award on his FERS disability retirement benefits and the set-aside requirement.  The appellant was, therefore, aware of the set-aside requirement and should have anticipated that he was receiving an overpayment that he eventually would need to repay. IAF, Tab 10 at 63.

¶8        The administrative judge addressed the appellant's assertion that he lost valuable benefits from the VA and the State of Illinois because OPM reported his interim payments as income to the Internal Revenue Service.  OPM's regulations state, in relevant part for this appeal, that recovery of an overpayment is against equity and good conscience when "[t]he recipient of the overpayment can show (regardless of his or her financial circumstances) that due to the notice that such payment would be made or because of the incorrect payment he or she either has relinquished a valuable right or has changed positions for the worse." 5 C.F.R. § 845.303(b).  The Board has applied OPM's criteria for evaluating claims of this type.  *See Alexander v. Office of Personnel Management*, 58 M.S.P.R. 358, 364-65 (1993).  OPM's criteria are as follows:  (a) the relinquishment or change must be directly caused by the overpayment or notice that such payment would be made (i.e., loss or change would not have otherwise occurred); (b) it must be detrimental to the overpayment recipient; (c) it must be material (i.e., significant enough to warrant the waiver); and (d) it must be irreversible (i.e., the forfeited right cannot be recovered, the change of position cannot be reversed).

¶9        Here, the appellant was subject to the set-aside rule as he had been informed that receiving Social Security benefits was erroneous.  We agree with the administrative judge that, under these circumstances, the relinquishment of the appellant's right to the VA and the Illinois state benefits was not caused directly by the overpayment of FERS disability benefits.  There is no evidence that the appellant made an effort to inform the VA or the Illinois state authorities, who

oversaw the benefits that he sought, that the income that was reported by OPM to the Internal Revenue Service was erroneous, i.e., falsely inflated by OPM's failure to reduce the appellant's FERS benefit as of the date of his receiving Social Security benefits. Absent proof of such effort and a showing that it failed to persuade the VA and the state authorities to allow him the benefits to which he would have been entitled at a lower income level, we find that the appellant failed to show by substantial evidence that he is entitled to a waiver on the basis that he relinquished a valuable right because of the incorrect payment.

¶10        Even when waiver of recovery is not appropriate, the repayment schedule may be adjusted based on financial hardship. 5 C.F.R. § 845.301. The appellant bears the burden of proving by substantial evidence his entitlement to the repayment schedule adjustment. 5 C.F.R. § 845.307(b). The appellant submitted a FRQ to OPM in February 2012. IAF, Tab 10 at 17. That FRQ shows that the appellant has a monthly income of $3,176 and monthly expenses of $4,653. *Id*. As noted, based on the financial information in the FRQ, OPM reduced the appellant's scheduled monthly payment on his overpayment debt to $50. We agree with the administrative judge that, because of the appellant's failure to submit an updated FRQ while his appeal has been pending before the Board in 2016, he has failed to meet his burden to show by substantial evidence that his repayment schedule should be further adjusted.[4]

---

[4] In his petition for review, the appellant alleges that he was hired and discriminatorily fired by the U.S. Postal Service after he began receiving the FERS disability annuity. During the prehearing conference, the appellant indicated that his retirement from the U.S. Postal Service may have been involuntary and that he may have suffered discrimination by the U.S. Postal Service. IAF, Tab 11. The administrative judge correctly informed the appellant that, if he wished to challenge these actions, he must file a separate Board appeal against his former agency and demonstrate that the appeal was timely filed. *Id*.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.